FILED
COURT OF APPEALS
DIVISION II

2013 SEP -4  AM 10: 22

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44189-6-II |
| Respondent, | |
| v. | |
| BRANDON MJ BLURTON, | UNPUBLISHED OPINION |
| Appellant. | |

HUNT, J. — Brandon MJ Blurton appeals the trial court's imposition of some legal financial obligations and his standard-range sentence for third degree assault. He argues that the trial court used an incorrect standard sentencing range; the State concedes this error and that resentencing is required. He also argues that the trial court erred in imposing attorney fees and court costs as part of his legal financial obligations without inquiring into his future ability to pay them. We reverse and remand for resentencing.

## FACTS

A jury convicted Brandon MJ Blurton of third degree assault. At sentencing, the seriousness level of the crime was set at 3 and his offender score was 5. The State identified the standard sentencing range as 22 to 29 months of confinement; Blurton did not object. The State recommended sentencing at the bottom of this supposed standard range, and Blurton requested a downward departure. Following the State's recommendation, the trial court sentenced Blurton to 22 months.

The trial court also imposed mandatory and discretionary legal financial obligations, including $2,400.00 in attorney fees and $387.02 in court costs, which Blurton did not dispute. Without making factual findings about Blurton's ability to pay these obligations, the trial court

ordered Blurton to make monthly payments of $25 per month, to begin in 60 days. The judgment and sentence, however, provided, "The court has considered the total amount owing, the defendant's past, present, and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood the defendant's status will change." Clerk's Papers at 50.

Blurton appeals his standard range sentence and the imposition of attorney fees and court costs as legal financial obligations.[1]

## ANALYSIS

### I. STANDARD SENTENCING RANGE

Blurton argues, and the State concedes, that in light of his offender score of 5, (1) the correct standard sentencing range for his crime is 17 to 22 months of confinement (not 22 to 29 months, the sentencing range for an offender score of 6); and (2) resentencing is required to correct the trial court's having imposed sentence using the wrong standard range. We accept the State's concession of error.

Although Blurton did not object below to the improper higher standard range, he may challenge an illegal or erroneous sentence for the first time on appeal. *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999). And he is entitled to have the trial court determine his sentence

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

No. 44189-6-II

based on the correct standard range.[2] *In re Pers. Restraint of Call*, 144 Wn.2d 315, 333, 28 P.3d 709 (2001). Therefore, we remand for resentencing using the correct standard sentencing range.

## II. LEGAL FINANCIAL OBLIGATIONS

Blurton also argues that the trial court erred in imposing discretionary legal financial obligations (LFO) without inquiring into his future ability to pay them. Br. of Appellant at 9-10 (challenging the trial court's imposition of court costs and attorney fees). The State responds that Blurton cannot raise this issue for the first time on appeal. Because we remand for resentencing under the correct standard range, we need not reach this LFO issue on appeal. *See generally State v. Lundy*, No. 42886-5-II , 2013 WL 4104978, slip op. at 3-10 (Wash. Ct. App. Aug. 13, 2013) (addressing imposition of legal financial obligations on appeal from resentencing). We reverse and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Hunt, J.

We concur:

Johanson, A.C.J.

Bjorgen, J.

---

[2] Because the record shows that the trial court intended to sentence Blurton to the low end of the applicable standard range, it is immaterial that his sentence fell within both the correct and incorrect standard ranges. *See In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 868, 50 P.3d 618 (2002); *Call*, 144 Wn.2d at 333.

3